**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GORDON JONES,

    Plaintiff,

v.                                **Case No.** 8:26-cv-1614

GEOSPACE TECHNOLOGIES
CORPORATION, a Texas corporation;
and PARADIGM GROUP, INC.,
a Texas corporation,

    Defendants.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GORDON JONES ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendants, GEOSPACE TECHNOLOGIES CORPORATION ("Geospace") and PARADIGM GROUP, INC. ("Paradigm") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for age discrimination and failure to hire in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

2.    In August 2025, Plaintiff applied for a senior business analyst position at Defendant Geospace through Defendant Paradigm, a recruiting firm acting as

1

Geospace's employment agency and agent. Despite being fully qualified, Plaintiff was rejected based on explicit age-related assumptions including that he was "close to retirement" and that Defendants wanted "someone to stay put for a long time." These statements constitute direct evidence of age discrimination.

## PARTIES

3.      Plaintiff Gordon Jones ("Plaintiff") is a natural person, a citizen of the State of Florida, and a resident of Pinellas County, Florida.

4.      Plaintiff was born in 1962 and was 62 years old at the time of the discriminatory acts alleged herein. Plaintiff is a member of the protected class under the ADEA.

5.      Defendant Geospace Technologies Corporation ("Geospace") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 7007 Pinemont Drive, Houston, TX 77040.

6.      Defendant Geospace designs and manufactures geophysical equipment and technology for energy and resource exploration industries.

7.      Defendant Geospace employs approximately 450 employees and is an "employer" within the meaning of 29 U.S.C. § 630(b). Upon information and belief, based on publicly available information, Defendant Geospace has employees working remotely in Florida.

2

8.     Defendant Paradigm Group, Inc. ("Paradigm") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 23144 Cinco Ranch Blvd., Suite B1015, Katy, TX 77494. Paradigm is a fully remote company and, upon information and belief, based on publicly available information, has employees located in the State of Florida.

9.     Defendant Paradigm is a recruiting and staffing firm that regularly undertakes, with compensation, to procure employees for employers, including Defendant Geospace.

10.    Defendant Paradigm is an "employment agency" within the meaning of 29 U.S.C. § 630(c) and an "agent" of Defendant Geospace within the meaning of 29 U.S.C. § 630(b).

## JURISDICTION AND VENUE

11.    This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 626(c)(1) (ADEA private right of action).

12.    This Court has personal jurisdiction over both Defendants pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, and the Due Process Clause. Defendant Paradigm purposefully availed itself of the privilege of conducting activities in Florida by carrying on its recruiting and staffing business through personnel located in this State — including Jonathan Janiszewski, the recruiter who

3

screened Plaintiff, presented his candidacy, and authored and transmitted to Plaintiff the discriminatory hiring decision at issue — and Plaintiff's claims arise directly out of those Florida-based activities. Defendant Geospace is subject to the personal jurisdiction of this Court through the acts of its authorized agent, Defendant Paradigm, which Geospace engaged to recruit, screen, and communicate hiring decisions on its behalf, and which performed those functions, and conveyed Geospace's discriminatory decision into this State, through a Florida-based recruiter. Geospace has numerous employees working remotely in Florida. Defendants committed the tortious conduct alleged herein within Florida by directing the discriminatory rejection at Plaintiff, a known Florida resident, and the injury was suffered in this State. The exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice.

13.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District. The discriminatory conduct alleged herein was carried out, in substantial part, within this District: Defendant Paradigm's recruiter, Jonathan Janiszewski — who conducted Plaintiff's screening interview, presented his candidacy to Geospace, and authored and transmitted to Plaintiff the communications conveying the age-based rejection — is located in the State of Florida, and Defendant Paradigm regularly conducts its recruiting and staffing

4

business through personnel located in Florida. Because Janiszewski acted at all relevant times as the authorized agent of Defendant Geospace, the discriminatory acts and omissions of Geospace, carried out through its agent, likewise occurred in substantial part within this District. The Position was designated as a remote position with a work location of "USA (can live anywhere in the US, but must work CST hours)," and had Plaintiff been hired, he would have performed the work of the Position regularly and continuously from his home in Pinellas County, Florida; Defendants' refusal to hire Plaintiff for employment to be performed in this District is itself an omission giving rise to the claims that occurred within this District. Plaintiff resides in Pinellas County, Florida, within the Tampa Division of this District; applied for the Position from his residence in this District; received the discriminatory communications in this District; and suffered the adverse effects of Defendants' unlawful conduct in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.    On January 12, 2026, Plaintiff signed and filed a Charge of Discrimination against Paradigm Group, Inc. with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination in violation of the ADEA.

5

15.    On February 25, 2026, Plaintiff signed and filed a Charge of Discrimination with the EEOC against Geospace Technologies Corporation, Inc., alleging age discrimination in violation of the ADEA.

16.    **Regarding Defendant Paradigm Group, Inc.:** On March 3, 2026, the EEOC issued a Dismissal and Notice of Right to Sue for EEOC Charge No. 460-2026-03036. Plaintiff received EEOC's official Notice of Dismissal on or about March 4, 2026. This action is filed within 90 days of receipt of that Notice.

17.    **Regarding Defendant Geospace Technologies Corporation:** On April 6, 2026, the EEOC issued a Notice of Right to Sue for EEOC Charge No. 460-2026-03312, granting Plaintiff's request for a right-to-sue letter. Plaintiff received EEOC's official Notice on or about April 7, 2026. This action is filed within 90 days of receipt of that Notice.

18.    All conditions precedent to the filing of this action have been satisfied.

## STATEMENT OF FACTS

19.    Plaintiff is a Senior Manufacturing Business Analyst with extensive experience in the manufacturing industry, including expertise in JD Edwards (JDE) enterprise systems, distribution operations, and business process analysis.

20.    In August 2025, Plaintiff applied for the position of JD Edwards Distribution & Manufacturing Business Systems Analyst ("the Position") through LinkedIn. The Position was posted by Jonathan Janiszewski ("Janiszewski"), a

recruiter employed by Defendant Paradigm as "Senior Talent & Brand Relationship Manager," on behalf of Defendant Geospace. The LinkedIn posting identified the Position as "Remote" and "Full-time," with a posted salary range of $140,000 to $160,000 per year. The job description specified that the work location was "USA (can live anywhere in the US, but must work CST hours)," confirming that the Position was a remote position to be performed from the employee's home.

21.     Defendant Paradigm was acting as Defendant Geospace's employment agency and agent in connection with filling the Position. Paradigm was authorized by Geospace to solicit candidates, conduct screening interviews, present candidates to Geospace for consideration, and communicate hiring decisions on Geospace's behalf. Paradigm had a direct financial interest in the placement, as recruiting firms receive a percentage of the hired candidate's salary as a placement fee.

22.     On or around Thursday, August 14, 2025, Plaintiff completed an initial phone interview with Defendant Paradigm's recruiter Janiszewski. During the interview, Plaintiff's qualifications were confirmed as meeting the initial job requirements. Janiszewski subsequently presented Plaintiff's resume to Defendant Geospace for review.

23.     After Defendant Geospace reviewed Plaintiff's resume, Janiszewski, Defendant Paradigm's recruiter, sent Plaintiff the following text message concerning Geospace's response:  "Hey Gordan [*sic*]. We already got a response back that they

7

are interested due to movement and where you are in your career. They have someone retiring and looking for someone to stay put for a long time" (errors in original). When Plaintiff responded to Janiszewski's text asking. "So we move forward?", Janiszewski replied, "I'm sorry. Not interested".

24.    On Friday, August 15, 2025 at around 12:40 PM (EDT), Defendant Paradigm's recruiter Janiszewski sent Plaintiff the following text message: "Hey Gordon, I jumped the gun. We talk [*sic*] to the client and he is considering. I think that he thought you were close to retirement and worried about having to backfill the position in a year or 2."

25.    On Friday, August 15, 2025 at around 3:00 PM (EDT), Plaintiff responded via text message, "Ok. Set something up for next week." Defendant Paradigm's recruiter Janiszewski replied via text message, "Working on it".

26.    On Thursday, August 21, 2025 at around 10:50 AM (EDT), Plaintiff followed up with Defendant Paradigm's recruiter Janiszewski by sending him the following text message: "Hi Jon. Any news? What was the name of the company?" Janiszewski sent a reply text message at around 10:57 AM (EDT) that merely stated, "Geospace".

27.    Plaintiff has had just five (5) employers between 1994 and August 2025. According to the Bureau of Labor Statistics, the median tenure of a worker in January 2024 was just 3.9 years. Any suggestion that he was moving around is

8

pretextual. The real issue for Defendants was that Plaintiff was less than three years away from 65.

28. This is the last communication that Plaintiff received from Defendant Paradigm's recruiter. Neither Defendant Geospace nor Defendant Paradigm ever contacted Plaintiff again. Plaintiff was never hired for the Position.

29. Plaintiff was qualified for the Position and met all stated job requirements.

30. The sole reasons communicated for rejecting Plaintiff's candidacy were based on age-related assumptions and stereotypes, specifically: (a) concerns about where Plaintiff is "in [his] career"; (b) the assumption that Plaintiff was "close to retirement"; (c) a desire for someone who would "stay put for a long time"; and (d) a concern about "having to backfill the position in a year or 2."

31. These statements are direct evidence and/or circumstantial evidence of age discrimination. They are not susceptible to any legitimate, non-discriminatory interpretation. They reflect age-based assumptions about Plaintiff's proximity to retirement and expected remaining tenure in the workforce—classic markers of age discrimination.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to lost wages and lost benefits.

9

## COUNT I
### Age Discrimination – Failure to Hire in Violation of the ADEA
### (Against Defendant Geospace Technologies Corporation – Employer)

33.     Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34.     At all times relevant to this action, Defendant Geospace was an "employer" within the meaning of 29 U.S.C. § 630(b), employing 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

35.     Defendant Geospace, through its decision-makers and agent Defendant Paradigm, failed and refused to hire Plaintiff for the Position because of Plaintiff's age in violation of 29 U.S.C. § 623(a)(1).

36.     Plaintiff's age was the "but-for" cause of Defendant Geospace's decision not to hire Plaintiff.

37.     The text messages from Defendant Geospace's agent constitute direct evidence and/or circumstantial evidence that age was the determinative factor in the hiring decision. Geospace is bound by the statements of its authorized agent, Defendant Paradigm, made within the scope of the agency relationship.

38.     Geospace knowingly or with reckless indifference failed to hire Plaintiff because of his age.

10

**WHEREFORE**, Plaintiff GORDON JONES respectfully requests that this Court enter judgment in his favor and against Defendant, GEOSPACE TECHNOLOGIES CORPORATION, and award the following relief:

A.  A declaratory judgment that Defendant's actions violated the ADEA;
B.  An injunction permanently enjoining Defendant from engaging in age discrimination in hiring;
C.  Back pay, front pay, and all lost benefits of employment;
D.  Liquidated damages in an amount equal to back pay for Defendant's willful violation of the ADEA;
E.  Pre-judgment and post-judgment interest at the highest lawful rate;
F.  Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 626(b); and
G.  Such other and further relief as the Court deems just and proper.

### COUNT II
**Age Discrimination – Discriminatory Conduct
by Employment Agency in Violation of the ADEA
(Against Defendant Paradigm Group, Inc. – Employment Agency)**

39.  Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

40.  At all times relevant to this action, Defendant Paradigm was an "employment agency" within the meaning of 29 U.S.C. § 630(c), regularly undertaking with compensation to procure employees for employers, including Defendant Geospace, a covered employer under the ADEA.

41.  The ADEA's definition of "employment agency" under § 630(c) imposes no minimum employee threshold. Defendant Paradigm is subject to the ADEA so long as it regularly procures employees for at least one covered employer. *See Brennan v. Aldert Root*, 8 Empl. Prac. Dec. (CCH) ¶ 9531, 16 Fair Empl. Prac.

11

Cas. (BNA) 1643, 1974 U.S. Dist. LEXIS 8445 (E.D.N.C. May 21, 1974) (holding that if at least one of an employment agency's clients was a "covered employer," then the agency was subject to the ADEA with respect to all of its activities; defendant's concession that some of its clients may come under the Act rendered defendant an "employment agency" within the meaning of the Act, and defendant's motion to dismiss denied).

42.    Defendant Paradigm discriminated against Plaintiff because of his age in violation of 29 U.S.C. § 623(b) by: (a) communicating and enforcing age-based rejection criteria received from Defendant Geospace; (b) informing Plaintiff that he was rejected because Defendant Geospace believed he was "close to retirement"; and (c) ceasing all communication with Plaintiff after the discriminatory rejection.

43.    Alternatively, Defendant Paradigm is liable as an "agent" of Defendant Geospace within the meaning of 29 U.S.C. § 630(b), which defines "employer" to include "any agent of such a person." The agent provision carries no numerical limitation. Defendant Paradigm was authorized to screen candidates, conduct interviews, and communicate hiring decisions on Defendant Geospace's behalf, and the discriminatory statements were made within the course and scope of this agency relationship.

44.    Paradigm knowingly or with reckless indifference discriminated against Plaintiff because of his age.

**WHEREFORE**, Plaintiff GORDON JONES respectfully requests that this Court enter judgment in his favor and against Defendant, PARADIGM GROUP, INC., and award the following relief:

A.   A declaratory judgment that Defendant's actions violated the ADEA;
B.   An injunction permanently enjoining Defendant from engaging in age discrimination in hiring;
C.   Back pay, front pay, and all lost benefits of employment;
D.   Liquidated damages in an amount equal to back pay for Defendant's willful violation of the ADEA;
E.   Pre-judgment and post-judgment interest at the highest lawful rate;
F.   Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 626(b); and
G.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

45.    Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: 29th day of May, 2026

/s/ Frank M. Malatesta
FRANK M. MALATESTA, ESQ.
Florida Bar No. 0097080
**MALATESTA LAW OFFICE**
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone: (941) 256-3812
Facsimile: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
Heather@malatestalawoffice.com
*Counsel for Plaintiff*

13